UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        :
HEATHER CARPENTER and JULIO JOSE        :
JIMENEZ-ARTUNDUAGA,                     :
                      Plaintiffs,       :
                                        :     11 Civ. 8414 (DLC)
         -v-                            :
                                        :     MEMORANDUM ORDER
THE CITY OF NEW YORK, CHIEF OF          :        AND OPINION
DEPARTMENT JOSEPH J. ESPOSITO, CHIEF    :
OF PATROL JAMES P. HALL, SGT. ROBERT    :
BYRNE, SGT. CHRISTOPHER NEWSOM, SGT.    :
RODRIGUEZ, and SGT. PATRICK WRIGHT,     :
                      Defendants.       :
                                        :
--------------------------------------- X

APPEARANCES:

For Plaintiffs:

Ronald L. Kuby and Leah Marielle Busby
Law Office of Ronald L. Kuby
119 West 23rd Street, Suite 900
New York, NY 10011


For Defendants:

Andrew Lucas
Assistant Corporation Counsel of the City of New York
New York City Law Department
100 Church Street
New York, NY 10077


DENISE COTE, District Judge:

     The plaintiffs Heather Carpenter ("Carpenter") and Julio

Jose Jimenez-Artunduaga ("Jimenez") in this Section 1983 case

have moved for an entry of partial judgment pursuant to Rule

54(b), Fed.R.Civ.P.  Through an Opinion of November 27, 2013 ("Opinion"), summary judgment was granted in part to the defendants.  Carpenter v. City of New York, 11 Civ. 8414 (DLC), 2013 WL 6196968 (S.D.N.Y. Nov. 27, 2013).  The defendants have moved for certification of an interlocutory appeal of the remaining claims in this case pursuant to 28 U.S.C. § 1292(b). For the reasons stated below, both motions are denied.

BACKGROUND

On November 21, 2011, Carpenter and Jimenez filed this action pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages against the City of New York ("City") and various police officers.  All of the plaintiffs' claims arise out of an October 15, 2011 protest organized by a group known as Occupy Wall Street, during which the plaintiffs were arrested for criminally trespassing in a Manhattan Citibank branch.  The plaintiffs contend that the defendants violated their Fourth Amendment rights by falsely arresting them and using excessive force in the course of those arrests.

On November 27, 2013, the Opinion dismissed the false arrest claims because undisputed evidence established that the arresting officers had probable cause to believe that the plaintiffs committed the crime of criminal trespass.  The

excessive force claims against the individual defendants
survived because the plaintiffs' allegations raised issues of
fact that may only be resolved by a jury.  The claims against
the City, however, were dismissed because the plaintiffs failed
to present evidence to establish <u>Monell</u> liability as to the
surviving excessive force claims.  The excessive force claims
against the individual defendants are scheduled to be tried in
March 2014.

On January 13, 2014, the plaintiffs moved for an entry of
partial judgment pursuant to Rule 54(b), Fed.R.Civ.P., so that
they might appeal the dismissal of their false arrest claims and
the dismissal of the City as a defendant.  On January 17, the
defendants moved for certification of an interlocutory appeal
pursuant to 28 U.S.C. § 1292(b) so that they might appeal the
denial of summary judgment as to the excessive force claims
against the individual defendants.  A scheduling order of
January 6 stated that any opposition to the motions was due by
January 31 and any reply by February 7.  No oppositions were
filed on January 31, and thus the motions were fully submitted
as of that date.

DISCUSSION

I. Defendants' Section 1292(b) Motion

Defendants seek certification of an interlocutory appeal on the surviving excessive force claims against the individual defendants pursuant to 28 U.S.C. § 1292(b).  Section 1292(b) provides in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b) (emphasis added); see Casey v. Long Island R. Co., 406 F.3d 142, 146 (2d Cir. 2005) (noting that Section 1292(b) "imposes both procedural and substantive requirements on a would-be appellant").

Section 1292(b) is to be narrowly construed, as "the power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law." Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990) (citation omitted).  Certification is thus appropriate only in the narrow class of cases in which "an intermediate appeal may avoid

4

protracted litigation." <u>Koehler v. Bank of Bermuda Ltd.</u>, 101
F.3d 863, 866 (2d Cir. 1996).  "[O]nly exceptional circumstances
will justify a departure from the basic policy of postponing
appellate review until after the entry of a final judgment."
<u>Flor v. BOT Fin. Corp.</u>, 79 F.3d 281, 284 (2d Cir. 1996) (per
curiam) (citation omitted).

    Certification is not appropriate in this case, as there is
no substantial ground for difference of opinion as to the denial
of summary judgment on the excessive force claims.  The standard
for granting summary judgment on such claims is a high one.  As
stated in the Opinion, summary judgment can be granted only if
"no reasonable factfinder could conclude that the officers'
conduct was objectively unreasonable." <u>Amnesty Am. v. Town of
W. Hartford</u>, 361 F.3d 113, 123 (2d Cir. 2004).

    Defendants make three arguments: (1) Jimenez conceded that
he was resisting arrest and had no knowledge of how his finger
was injured; (2) neither plaintiff can prove that the
handcuffing rises to the level of a Fourth Amendment violation,
citing <u>Schy v. Vermont</u>, 2 Fed. App'x 101 (2d Cir. 2001); and (3)
Carpenter's allegations regarding the grabbing of her breasts is
contradicted by the video evidence, which "clearly" (in the
language of the defendants) shows no excessive force.  None of
these points, however, establishes a substantial ground for

difference of opinion regarding the Court's prior determination.

As to the first point, it is undisputed that Jimenez held onto the vestibule doorframe for a few seconds, as noted in the Opinion, and that he did know how his finger began to bleed. If, however, a reasonable jury were to accept his testimony that the arresting officers punched and kicked him in the vestibule, the jury could conclude that the officers' conduct caused the bleeding and was, as a general matter, objectively unreasonable. This dispute turns on credibility issues and cannot be resolved at summary judgment.

As to the second point, defendants rely on an unpublished Second Circuit summary order.  Under the rules of this Circuit, a summary order is non-precedential.  Second Circuit Local Rule 32.1.1(a).  As a consequence, that decision is not a basis on which to find that there is a substantial difference of opinion on an issue addressed in the Opinion.

As to the third point, the Court has reviewed the video evidence, and it does not clearly establish that the officer never grabbed Carpenter's breasts.  It is true that, when the officer's grip is clearly shown on the videotape, he is clutching the plaintiff below her breasts.  But, the precise positioning of the officer's hands and arms is not visible during the entire encounter.  What actually happened is

6

therefore disputed and is properly left to a jury to resolve.

Moreover, in light of the Court of Appeals' repeated guidance that § 1292(b) certification be granted rarely, this is not an "exceptional" case warranting certification of an interlocutory appeal. Flor, 79 F.3d at 284. This is a § 1983 case in which the false arrest claims were dismissed at summary judgment but the excessive force claims were not. Permitting interlocutory appeal in such cases would seriously undermine the practice in federal court of "postponing appellate review until after the entry of a final judgment." Id. Moreover, this case does not fall within the narrow class of cases in which "an intermediate appeal may avoid protracted litigation." Koehler, 101 F.3d at 866. Discovery is complete; a joint pretrial order is due this week, and a trial is scheduled for approximately one month. Thus, interlocutory appeal on the surviving excessive force claims against the individual defendants is denied.

## II. Plaintiffs' Rule 54(b) Motion

Rule 54(b), Fed.R.Civ.P., authorizes entry of a final judgment before all of the claims against each party to a lawsuit have been adjudicated "where: (1) there are multiple claims or parties; (2) at least one of the claims or the rights and liabilities of at least one party has been determined; and

(3) "there is 'an express determination that there is no just reason for delay.'" Transportation Workers Union, Local 100 v. N.Y. City Transit Auth., 505 F.3d 226, 230 (2d Cir. 2007) (quoting Fed.R.Civ.P. 54(b)).  The "historic federal policy against piecemeal appeals," however, "requires that the court's power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, be exercised sparingly." Novick v. AXA Network, LLC, 642 F.3d 304, 310 (2d Cir. 2011) (citation omitted).  "The power" to make a Rule 54(b) determination "should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Grand River Enter. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005) (citation omitted).

     "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Novick, 642 F.3d at 310 (quoting Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980)).  A "district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." Id. at 311 (citation omitted).  "It does not normally advance the interests of sound judicial

administration or efficiency to have piecemeal appeals that
require two (or more) three-judge panels to familiarize
themselves with a given case in successive appeals from
successive decisions on interrelated issues." Id. (citation
omitted).

Entry of partial judgment on the dismissed claims under
Rule 54(b) is not appropriate. The false arrest and excessive
force claims are closely related as they arise from the same
October 15 incident and arise out of related events, i.e.,
plaintiffs' arrest and the police officers' conduct in making
the arrest. Permitting appeal now would force the Court of
Appeals to familiarize itself with the same incident in
successive appeals. Moreover, plaintiffs have failed to
identify any danger of hardship or injustice that would result
from delaying the immediate appeal of the dismissal of the false
arrest claims and the claims against the City.

The plaintiffs' arguments in support of entry of a partial
judgment under Rule 54(b) are not persuasive. First, they
observe that defendants have taken no position on their Rule
54(b) motion. This Court will not, however, permit piecemeal
appeals simply because defendants are not opposed to such an
outcome.

Second, plaintiffs assert that the dismissed claims are

"are factually distinct in both time and substance" from the surviving claims.  To the contrary, all claims are rooted in a single, short incident.

Additionally, plaintiffs cite <u>Vivenzio v. City of Syracuse</u>, 611 F.3d 98, 105 (2d Cir. 2010), as authority for the proposition that certification can be granted on closely related claims.  <u>Vivenzio</u> addressed the continued validity of a 1980 consent decree that governed the hiring of firefighters by the City of Syracuse.  It therefore provides no support for certification of an appeal in this kind of action.

Finally, plaintiffs suggest that permitting the Second Circuit to rule on the dismissed claims may increase the possibility of settlement in this case.  Such an argument could be made in many cases in which there has been a partial grant of summary judgment, and does not provide a basis to enter a partial judgment here.

CONCLUSION

Defendants' January 17, 2014 motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), is denied. Plaintiffs' January 13, 2014 motion for entry of a partial judgment pursuant to Rule 54(b), Fed.R.Civ.P., is denied.  The joint pretrial order remains due on February 14, 2014.


        SO ORDERED:

Dated:    New York, New York
          February 13, 2014


                            _____
                                    DENISE COTE
                            United States District Judge

11